UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARLENE FAMILIA,                                                    Civil Action No.:

        Plaintiff,                                                  COMPLAINT

  -against-

B.C. SYSTEMS INC., BC KABLES
CORPORATION, and ANGEL GARCIA,

        Defendants.
-----------------------------------------------------------------X

    Plaintiff, MARLENE FAMILIA ("Plaintiff"), as and for her Complaint against Defendants, B.C. SYSTEMS INC. ("B.C. Systems"), BC KABLES CORPORATION ("BC Kables"), and ANGEL GARCIA ("Garcia") (collectively, "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Upon information and belief, B.C. Systems is a company located in Setauket, New York that supplies custom military power supplies, power controls and other quality products to the military market.

2. Upon information and belief, BC Kables is a company located in Bohemia, New York that supplies custom military power supplies, power controls and other quality products to the military market.

3. Plaintiff worked for Defendants as an electronic assembler and repair worker.

4. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to her employment with Defendants.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

6. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

8. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Plaintiff Marlene Familia

9. Plaintiff is a resident of the State of New York.

10. Defendants jointly employed Plaintiff as an electronic assembler and repair worker for their benefit and at their direction.

11. Defendants jointly employed Plaintiff from on or about September 2021 until on or about March 2022.

12. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

### Defendants B.C. Systems and BC Kables ("corporate Defendants")

13. Upon information and belief, B.C. Systems is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

14. Upon information and belief, BC Kables is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. Upon information and belief, B.C. Systems maintains its principal place of business at 200 Belle Mead Road, Setauket, New York.

16. Upon information and belief, BC Kables maintains its principal place of business at 70-9 Knickerbocker Avenue, Bohemia, New York.

17. Upon information and belief, the corporate Defendants both supply custom military power supplies, power controls and other quality products to the military market.

18. At all times relevant to this Complaint, the corporate Defendants had and continue to have employees engaged in commerce or in the production of goods and services for commerce.

19. At all times relevant to this Complaint, the corporate Defendants had and continue to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

20. At all times relevant to this Complaint, the corporate Defendants had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

21. At all times relevant to this Complaint, the corporate Defendants were and are a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiff.

22. During Plaintiff's employment, the corporate Defendants maintained control, oversight, and direction over her, including timekeeping, payroll, and other employment practices.

**Corporate Defendants Constitute Joint Employers and a Single Enterprise**

23. Upon information and belief, the corporate Defendants are part of a single integrated enterprise that jointly employed Plaintiff.

24. Upon information and belief, the corporate Defendants' operations are interrelated and unified.

25. Upon information and belief, the corporate Defendants share common management, are centrally controlled, and share common ownership.

26. Upon information and belief, the corporate Defendants share employees, equipment, and supplies.

27. Upon information and belief, Garcia participates in running the daily operations of both B.C. Systems and BC Kables.

28. Upon information and belief, the corporate Defendants are associated and joint employers, act in the interest of each other with respect to employees, and share control over the employees.

29. Each corporate Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

30. The corporate Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

31. The corporate Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

### Individual Defendant Angel Garcia

32. Upon information and belief, the individual Defendant, Angel Garcia, is a resident of the State of New York.

33. At all relevant times, Garcia has and continues to engage in business within this judicial district.

34. Upon information and belief, Garcia was and continues to be an owner, officer, director, shareholder, and/or managing agent of B.C. Systems and BC Kables.

35. Upon information and belief, at all relevant times, Garcia participated in running the daily operations of the corporate Defendants.

36. Upon information and belief, at all relevant times, Garcia participated in the management and supervision of Plaintiff and her work for the corporate Defendants.

37. Upon information and belief, at all relevant times, Garcia exercised operational control over the corporate Defendants, controlled significant business functions of the corporate Defendants, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the corporate Defendants in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

38. Upon information and belief, Garcia determined the wages and compensation of the corporate Defendants' employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

39. At all times relevant to this Complaint, Garcia was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

40. Garcia participated in the decision to hire Plaintiff.

41. Garcia participated in deciding the job duties that Plaintiff performed.

42. Garcia participated in directing Plaintiff's job duties and responsibilities.

43. Garcia participated in the supervision of Plaintiff's job duties and responsibilities.

44. Garcia participated in deciding the manner in which Plaintiff was paid.

45. Garcia participated in deciding the compensation Plaintiff was paid.

46. Garcia was responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers**

47. Garcia owns, operates, and/or controls the corporate Defendants.

48. Garcia possesses operational control over the corporate Defendants, possesses an ownership interest in the corporate Defendants, and controls significant functions of the corporate Defendants.

49. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

50. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

51. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

52. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage and Hour Claims**

53. Plaintiff began working at B.C. Systems in February 2021.

6

54. Garcia was the production manager at B.C. Systems who oversaw all of the supervisors at B.C. Systems.

55. Garcia participated in running the daily operations of B.C. Systems.

56. Garcia was the highest ranking individual who worked at B.C. Systems on a daily basis.

57. Plaintiff was paid $27.50 an hour for all hours that she worked at B.C. Systems' Setauket location.

58. From February 2021 to September 2021, Plaintiff's regular schedule at B.C. Systems' Setauket location was Monday through Friday from 7:00 a.m. to 3:30 p.m. and two Saturdays a month from 6:00 a.m. to 10:00 a.m.

59. Garcia is also the owner of BC Kables.

60. Beginning in September 2021, Garcia began having Plaintiff and four to five other B.C. Systems' workers leave work at 3:30 p.m. and go straight to BC Kables in Bohemia to continue working.

61. Beginning in September 2021 and continuing until about March 2022, at the behest of Garcia, Plaintiff left B.C. Systems at 3:30 p.m. on Monday through Friday and worked at BC Kables in Bohemia until 8:00 p.m.

62. Beginning in September 2021 and continuing until about March 2022, at the behest of Garcia, Plaintiff worked at BC Kables every Saturday and Sunday from 4:00 a.m. to 8:00 a.m.

63. Beginning in September 2021 and continuing until about March 2022, at the behest of Garcia, Plaintiff worked 30.5 hours each week at BC Kables.

64. During this time, Plaintiff and other B.C. Systems' workers had the same or similar job duties at BC Kables as they did at B.C. Systems.

65. During this time, at Garcia's behest, Plaintiff would bring B.C. Systems' equipment with her to perform the same job duties at BC Kables.

66. During this time, Garcia and BC Kables, however, did not pay Plaintiff her regular rate of pay, $27.50 an hour, and did not pay Plaintiff time-and-one-half her regular rate of pay for any hour worked in excess of 40 each week.

67. Instead, during this time, Garcia and BC Kables only paid Plaintiff and other B.C. Systems' workers $15.00 an hour for each hour that Plaintiff and others worked at BC Kables each day and each week.

68. Plaintiff was entitled to be paid her regular rate of pay, $27.50 an hour, for the time she spent working at BC Kables each day and $41.25 for each hour that she worked in excess of 40 each week.

69. Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

70. Defendants did not provide Plaintiff with complete and accurate wage notices when she was hired, or at any time thereafter, as required by NYLL § 195(1).

71. Defendants did not provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

72. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

73. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

74. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

75. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

76. Defendants are subject to the overtime pay requirements of the FLSA because the corporate Defendants are an enterprise engaged in commerce or engaged in the production of goods for commerce.

77. At all times relevant to this Complaint, the corporate Defendants had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

78. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendants in each applicable year was not less than $500,000.00.

79. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

80. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

81. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

82. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

83. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

84. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

85. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

86. Defendants did not act in good faith with respect to the conduct alleged herein.

87. As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME

88. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

90. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

91. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

92. Plaintiff was not exempt from the overtime provisions of the NYLL because she did not meet the requirements for any of the exemptions available under New York law.

93. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

94. Defendants have not acted in good faith with respect to the conduct alleged herein.

95. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

96. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

97. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

98. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

99. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF NEW YORK LABOR LAW
## SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

100. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

101. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

102. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

103. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

104. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

105. During Plaintiff's employment, Defendants suffered and permitted

Plaintiff to work numerous hours each week without paying her the wages to which she was and is entitled.

106. Defendants' failure to pay Plaintiff the wages that she earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

107. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

108. Defendants have not acted in good faith with respect to the conduct alleged herein.

109. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and regular wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 20, 2023

                                                THE NHG LAW GROUP, P.C.

                                                By: Justin M. Reilly, Esq.
                                                *Attorneys for Plaintiff*
                                                4242 Merrick Road
                                                Massapequa, New York 11758
                                                Tel: 516.228.5100
                                                justin@nhglaw.com